IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LOUIS WITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 19-0077-KD-MU |
| | ) |
| TRACY S. PALMER, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On March 21, 2019, Defendant United States of America[1] filed a Motion to Dismiss Plaintiff's complaint in this action. (Doc. 4). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. Because Defendant presented and relied upon material outside of the pleadings, the motion has been treated as a motion for summary judgment, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. (*See* Doc. 6). For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's motion be **GRANTED.**

## I. Background

On August 9, 2018, Plaintiff Louis Witt, proceeding *pro se*, filed a complaint in the Small Claims Court of Escambia County, Alabama, against Tracy S. Palmer, as the Post Master of Flomaton, Alabama. (Doc. 1 at p. 5). In his complaint, he seeks the

---

[1] A Notice of Substitution was filed on February 21, 2019, substituting the United States of America for Defendant Tracy S. Palmer as to the Federal Tort Claims Act claims alleged by Plaintiff. (Doc. 2).

recovery of $100 because the Post Master did not deliver his mail after he moved his mailbox to the intersection of McCall Beach Road and Amber Beach Road, which was approximately one mile from its original location. (*Id*.). The United States of America removed Witt's action to this Court on February 21, 2019, pursuant to 28 U.S.C. § 1442(a)(1). (Doc. 1). On that same date, the United States filed a Notice of Substitution of Party Defendant, substituting itself as the defendant in place of Tracy S. Palmer as to the claims raised against her in the complaint. (Doc. 2). On March 21, 2019, the United States filed a Motion to Dismiss this action. (Doc. 4). Plaintiff filed no response to the motion to dismiss. However, because the motion to dismiss was supported by matters outside of the pleadings, pursuant to Rule 12(d), the motion was treated as one for summary judgment. (Doc. 6). Witt was ordered to file an affidavit setting forth the facts of his claim and any opposition he had to the facts set forth by the United States if he wished to oppose the motion. (Doc. 6 at p. 2). He did not file any response or opposition in this Court; however, on June 20, 2019, he filed a document in the Small Claims Court of Escambia County, the court in which he commenced his action, indicating that he no longer wishes to pursue his case. (Doc. 7-1 at p. 2 ("Louis Witt not to purse case")).

## II.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The United States, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

2

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *AGSouth Genetics, LLC v. Cunningham*, No. CA 09-745-C, 2011 WL 1833016, at *2 (S.D. Ala. May 13, 2011).

In this case, the non-moving party, Witt, has not responded to the motion for summary judgment. However, "[s]ummary judgment is not automatically granted by virtue of a non-movant's silence." *Williams v. Aircraft Workers Worldwide, Inc.*, 832 F. Supp.2d 1347, 1352 (S.D. Ala. 2011). "Even in an unopposed motion [for summary judgment], ... the movant is not absolve[d] ... of the burden of showing that it is entitled to judgment as a matter of law." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citations and internal quotation marks omitted); *see also United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion ... [and] ensure that the motion itself is supported by evidentiary materials."); Commentary to 2010 Amendments to Fed. R. Civ. P. 56(e) ("summary judgment cannot be granted by default even when there is a complete failure to respond to the motion"). Even so, a court is not obligated to construct arguments or theories or to conjure up evidence that a party has chosen not to present on its own accord.

3

Accordingly, Witt's failure to offer evidence or any authority in opposition to the motion filed by the United States leaves the Court with the sole task of determining whether the motion is supported by sufficient evidentiary material to support a finding on the merits that the United States is entitled to judgment in its favor as a matter of law. See *One Piece of Real Property,* 363 F.3d at 1101-02; *SE Prop. Holdings, LLC v. Stradley,* Civ. A. No. 11-0219-WS-N, 2012 WL 1605561, at *2-3 (S.D. Ala. May 7, 2012).

### III. Undisputed Material Facts

In July of 2018, Witt moved his mailbox from a public access road to a private road and behind a gate that can be locked. (Doc. 4-1 at pp. 1-2). The new location was approximately 1.8 miles round trip from its original location. (Doc. 4-1 at p. 2). Witt was told both in person and by letter that the postal service could not deliver mail to the new location. (Doc. 4-1 at pp. 2-3). A request for a change in rural delivery is done on a PS Form 4027, *Petition for Change in Rural Delivery*. (Doc. 4-1 at p. 3). The PS Form 4027 explains that "[p]roposed extensions of rural routes should ordinarily serve an average of at least one family for each additional mile of travel, including retrace. An extension is generally not approved by the U.S. Postal Service when the road to be traveled is private or is not maintained and in good condition." (Doc. 4-2). Witt moved his mailbox back to its original location in or about November of 2018. (Doc. 4-1 at p. 3).

Witt did not file an administrative claim with the United States Postal Service. (Doc. 4-3 at pp. 1-2). Instead, he proceeded with filing a claim seeking $100 in damages in the Small Claims Court of Escambia County, Alabama. (Doc. 1 at p. 5).

### IV. Conclusions of Law

The United States based its motion to dismiss Witt's action on two grounds: 1) failure to state a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA") and 2) failure to exhaust administrative remedies. The Court will address the exhaustion argument first.

### 1. Failure to exhaust

Although Witt, a *pro se* plaintiff, does not specifically invoke the FTCA in his complaint, the FTCA, as amended by the Westfall Act, 28 U.S.C. § 2679, provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. *See United States v. Smith*, 499 U.S. 160, 165-66 (1991). Because Witt has based his suit on what he considers a negligent or wrongful act of a postal employee taken within the scope of employment, his complaint arises under the FTCA. *See Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) (citing *Smith,* 499 U.S. at 165-666).

The FTCA requires a person wishing to pursue a tort action against the United States to present an administrative claim to the appropriate federal agency before filing suit. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). Despite the liberal construction given to *pro se* pleadings, the Eleventh Circuit has required *pro se litigants* to comply with procedural rules. *See Caldwell*, 646 F. App'x at 845 (citing *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007)). Witt did not file an administrative claim with the United States Postal Service; therefore, he has failed to exhaust his administrative remedies.

5

"Unless and until a claimant has exhausted his administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction." *Caldwell*, 646 F. App'x at 846 (citing *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008)). Because Witt has failed to exhaust his administrative remedies, this Court lacks subject matter jurisdiction and, therefore, his action must be dismissed.

## 2. Failure to state a claim

In his complaint, Witt claims only that he moved his mailbox to the intersection of McCall Beach Road and Amber Beach Road, less than one mile ("crow walking"), and that the Post Master was not delivering his mail. (Doc. 1 at p. 5). He also claimed that the defendant owed him $100. Plaintiff does not describe how the actions of the United States or its employees were negligent or wrongful nor does he describe how he was damaged. Recognizing that *"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed, *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11thCir. 1998), and accordingly assuming that his barebones complaint did set forth a cause of action, the facts of this case establish, nonetheless, that the post office employees' actions did not arise to negligent or wrongful behavior. Witt was advised on several occasions verbally that he could not move his mailbox to a private, gated road. He did not complete the form requesting that he be allowed to move his mailbox. After he moved it without permission, he was told verbally and in writing that the postal carrier could not deliver mail to the new location. Any inconvenience Witt may have suffered was caused by his own action in moving the mailbox without permission and knowing that the new location

was not acceptable. Accordingly, the Court finds that Witt's action is due to be dismissed for this reason as well.

## CONCLUSION

For the reasons stated above, the Court finds that the tort claims contained in Witt's complaint have not be administratively exhausted as required by the FTCA, and therefore, this Court lacks subject matter jurisdiction over any such claims. The Court further finds that the undisputed evidence does not support a claim under the FTCA against the United States or its employees. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss filed by the United States, which has been treated as a motion for summary judgment pursuant to Rule 12(d), be **GRANTED** and that Witt's action be **DISMISSED.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal

for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **27th** day of **June, 2019**.

                                   s/P. BRADLEY MURRAY
                                   UNITED STATES MAGISTRATE JUDGE